ELIZA A. SKOLFIELD *vs.* EBEN H. SKOLFIELD.

Franklin.  Opinion August 11, 1893.

*Divorce.  Recrimination.  Evidence.*

Upon the trial of a libel for divorce alleging cruel and abusive treatment by the husband, and provocation is pleaded by him, evidence of the provocation need not be confined to the times of the alleged abuse. A knowledge of it may not come to the husband for many days or weeks even after it occurred.

ON MOTION AND EXCEPTIONS.

The case is stated in the opinion.

*Joseph C. Holman* and *Frank W. Butler*, for plaintiff.
*H. L. Whitcomb*, for defendant.

SITTING : PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, JJ.

WALTON, J.  This is a divorce suit. A wife complains of cruel and abusive treatment. The husband pleads provocation. The presiding justice ruled that the evidence of provocations must be confined to the times of the alleged abuse ; that provoking and annoying conduct on Monday would not excuse abuse on Tuesday ; and excluded evidence offered by the husband of his wife's misconduct at times other than those to which her evidence of his cruel and abusive treatment related.

We think the ruling was too restrictive. A wife's conduct may be exceedingly provoking, and yet a knowledge of it may not come to the husband for many days or weeks even after it occurred. The mere continuance or repetition of slight an-

noyances may at last exhaust a husband's or a wife's patience and excuse an outburst of passion and the use of language which would otherwise be inexcusable. We do not feel quite sure that the husband was much prejudiced by the ruling in this case; but he may have been; and, as we think it was erroneous, our conclusion is that the entry must be,

*Exceptions sustained.*